**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION**

| | | |
|---|---|---|
| ANTHONY TRUPIA, | § | |
| | § | |
|     Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 4:26-cv-00157-O-BP |
| | § | |
| X CORP., *et al.*, | § | |
| | § | |
|     Defendants. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Before the Court is the Motion to Dismiss (ECF No. 42) that X Corp. ("X") filed on January 21, 2026. After considering the pleadings and applicable legal authorities, the undersigned **RECOMMENDS** that Chief United States District Judge Reed O'Connor **GRANT** the Motion (ECF No. 42) and Dismiss *pro se* Plaintiff Anthony Trupia's First Amended Complaint (ECF No. 34-1).

## I.    BACKGROUND

Trupia alleges Defendants systematically mispresented their product, the social media service X, as a free speech platform and induced users to purchase paid subscription services. ECF No. 34-1 at 1. He contends that despite making these direct commercial representations, Defendants engaged in "pervasive and unannounced algorithmic suppression of [Trupia's] content [which] constitutes a violation of express and implied promises, statutory consumer protections, and the fundamental duty of good faith in commerce." *Id.*

Trupia argues as a paying subscriber, the Defendants' suppression caused him severe financial and reputational harm and derailed "two significant civil cases impacting the public." *Id.* at 2. He sues Defendants for violations of the Lanham Act related to false advertising, breach of

contract, breach of the implied covenant of good faith and fair dealing, promissory estoppel, unfair competition, declaratory relief, and violations of California free speech protections. *Id.* at 12-15. He seeks compensatory damages of "not less than" $5,000,000.00, punitive damages, injunctive relief, declaratory relief, and attorney fees and costs if applicable. *Id.* at 15.

## II.   LEGAL STANDARDS

### A.   Personal Jurisdiction

"A federal court is without personal jurisdiction over a defendant unless the defendant has been served with process in accordance with Rule 4 of the Federal Rules of Civil Procedure. Pursuant to Rule 4(c)(1), '[a] summons shall be served together with a copy of the complaint.'" *Neely v. Khurana*, No. 3:07-cv-1344-D, 2008 WL 938904, at *2 (N.D. Tex. Apr. 7, 2008) (citing *Pavlov v. Parsons*, 574 F. Supp. 393, 399 (S.D. Tex. 1983); Fed. R. Civ. P. 4(c)(1)). Actual notice of a suit is insufficient in the absence of effective service of process in accordance with Rule 4. *See Nabulsi v. Nahyan*, No. CIV A H-06-2683, 2009 WL 1658017, at *8 (S.D. Tex. June 12, 2009), *aff'd sub nom.*, 383 F. App'x. 380 (5th Cir. 2010) (citing *Prewitt Enterprises, Inc. v. Org. of Petroleum Exporting Countries*, 353 F.3d 916, 924-28 (11th Cir. 2003), *cert. denied*, 543 U.S. 814, (2004). If the Court determines that it lacks personal jurisdiction over a defendant, then dismissal without prejudice is appropriate. *Am. Realty Trust, Inc. v. Hamilton Lane Advisors, Inc.*, 115 F. App'x 662, 665 (5th Cir. 2004) ("The district court's ruling on personal jurisdiction did not address the merits . . . and, as a result, the claim . . . should have been dismissed without prejudice.").

"[A] federal court generally may not rule on the merits of a case without first determining that it has jurisdiction over the category of claim in suit (subject-matter jurisdiction) and the parties (personal jurisdiction)." *Hines v. Stamos*, 111 F.4th 551, 564 (5th Cir. 2024) (cleaned up).

Therefore, "[t]he court should consider a motion raising a jurisdictional challenge before considering a motion directed to the merits as that prevents a court without jurisdiction from prematurely dismissing a case." *Damond v. Experian Info. Sols., Inc.*, No. cv 25-1570, 2025 WL 3980883, at *8 (E.D. La. Dec. 12, 2025), *rec. adopted*, No. cv 25-1570, 2026 WL 78127 (E.D. La. Jan. 9, 2026) (citing *Id.*).

### B.     Federal Rule of Civil Procedure 4

Federal Rule of Civil Procedure 4(c) requires a plaintiff to serve defendants with a summons and a copy of the complaint and do so within 90 days after the filing of the complaint. Fed. R. Civ. P. 4(c). Otherwise, the action is subject to dismissal without prejudice. *See* Fed. R. Civ. P. 4(m). In addition, Fed. R. Civ. P. 4(l) requires the plaintiff to file proof of service with the Court unless service is waived.  Fed. R. Civ. P. 4(l). This proof must consist of "the server's affidavit" if service was not effected by the United States Marshal or a deputy marshal. *Id.* If the plaintiff does not file a valid return of service or otherwise show that the defendants were properly served, an action may be dismissed as to any defendant who was not properly served. Fed. R. Civ. P. 4(l).

### III.     ANALYSIS

### A.     The Court lacks personal jurisdiction over Defendants.

Trupia has not shown that he properly served Defendants in accordance with Rule 4(c). First, Trupia did not serve Defendants within the 90 days required by Rule 4. *See* ECF No. 18 (Trupia indicating he had mailed the summons on August 27, 2025, approximately four months after he filed his complaint). Next, this tardy attempt at service did not comport with the Federal Rules of Civil Procedure because he mailed the initial complaint and summons himself (*see id.*), in violation of Rule 4(c). *See* Fed. R. Civ. P. 4(c)(2) ("Any person who is at least 18 years old and *not a party* may serve a summons and complaint.") (emphasis added). Approximately three weeks

later on September 19, 2025, he seemingly acknowledged his deficient service attempt when he moved for service by publication. ECF No. 19. The Court denied his motion as moot on February 11, 2026. ECF No. 44. It appears that after Trupia filed his First Amended Complaint (ECF No. 34-1) on December 9, 2025, he made no further attempts to serve any Defendant with that amended complaint.

Such attempts at service are insufficient to serve a party with process in federal court. To date, Trupia has not rectified these service deficiencies or requested an extension of time to perfect service on Defendants. He has not filed proof of service with the Court in accordance with Rule 4(l) and the only attempt at service he made was untimely and violated Rule 4. *See* Fed. R. Civ. P. 4(c)(2). Because Defendants have not been served with process in accordance with Federal Rule of Civil Procedure 4, the Court lacks personal jurisdiction. *See Neely*, 2008 WL 938904, at *2.

Accordingly, the Court should dismiss Trupia's claims without prejudice. *See* Fed. R. Civ. P. 4(m); *Am. Realty Trust*, 115 F. App'x at 665. In addition, because the Court lacks personal jurisdiction over Defendants, it should refrain from considering X's Motion to the extent it attacks the merits of Trupia's claims, to avoid prematurely disposing of the case's merits. *See Hines*, 111 F.4th at 564; *Damond*, 2025 WL 3980883, at *8.

**B.      The Court should dismiss Trupia's claims against all Defendants.**

Dismissal of Trupia's claims against all Defendants is appropriate. *See Taylor v. Acxiom Corp.*, 612 F.3d at 340 ("While the district court did dismiss *sua sponte* some defendants who did not join the motion to dismiss, there is no prejudice to the plaintiffs in affirming the judgment in its entirety because the plaintiffs make the same allegations against all defendants."); *Bonny v. Soc'y of Lloyd's*, 3 F.3d at 162 ("A court may grant a motion to dismiss even as to nonmoving

defendants where the nonmoving defendants are in a position similar to that of moving defendants or where the claims against all defendants are integrally related.").

Here, Trupia sues X, its Chairman and CTO Elon Musk, and its CEO Linda Yaccarino. ECF No. 34-1 at 3. Trupia makes similar allegations against all Defendants. He claims Defendants systematically misrepresented the service as a free speech platform and alleges nearly identical conduct of X and its corporate officers. *Id.* at 1. For example, he argues X induced users to pay for the platform's subscriptions services through its false representations of X's free speech bona fides. *Id.* He also claims Musk and Yaccarino "publicly and repeatedly advertised [X] as a bastion of free speech" inducing users to subscribe to the platform. *Id.* at 2. The claims against all Defendants in this action are integrally related. *Bonny*, 3 F.3d at 162. In addition to Trupia's allegations, the issues with service that X raises are common to all Defendants in this action because Trupia did not effect service on any Defendant. The record reflects Trupia's unsuccessful attempt at mailed service was the same for all Defendants. *See* ECF No. 18. And Trupia did not later perfect service on any Defendant. Accordingly, the Court should grant the Motion to Dismiss (ECF No. 42) and dismiss Trupia's claims against all Defendants.

## IV.    CONCLUSION

The Court lacks personal jurisdiction over Defendants because Trupia has not served them with process in accordance with Rule 4 of the Federal Rules of Civil Procedure. Accordingly, the undersigned **RECOMMENDS** that Chief Judge O'Connor **GRANT** X's Motion (ECF No. 42) and **DISMISS** Trupia's First Amended Complaint (ECF No. 34-1) without prejudice.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with

a copy. *See* 28 U.S.C. § 636(b)(1)(B) and Fed. R. Civ. P. 72(b)(1). To be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc), modified by statute on other grounds, 28 U.S.C. § 636(b)(1) (extending the time to file objections to 14 days).

It is so **ORDERED** on April 16, 2026.

_____
Hal R. Ray, Jr.
UNITED STATES MAGISTRATE JUDGE